IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

FRANK RUSSELL OWENS                                              PLAINTIFF

V.                                        CIVIL ACTION NO. 3:17-CV-00228-NBB-JMV

SALES ASSOCIATE DONNA and
JIM BROOK, District Manager of the Dollar
Tree Store in Batesville, Mississippi                              DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is Defendants' motion to dismiss for lack of subject matter jurisdiction. Upon due consideration of the motion, complaint and applicable authority, the court is ready to rule.

### Factual and Procedural Background

On October 13, 2017, Plaintiff Frank Owens allegedly went to the Dollar Tree store located in Batesville, Mississippi and purchased a variety of food and non-food items. Owens alleges that Defendants, employees of the aforementioned Dollar Tree store, overcharged him for non-food items and illegally charged sales tax on food items which he purchased with his EBT card. On November 13, 2017, Plaintiff Frank Owens initiated the instant action against Defendants for alleged violations of The Food Stamp Act, 7 U.S.C. § 51.

The magistrate judge entered an order on December 15, 2017, requiring Owens to show cause as to why his complaint should not be dismissed for lack of federal jurisdiction. Owens subsequently filed a Notice of Appeal and the case was transferred to the Fifth Circuit Court of Appeals. On July 24, 2018, the Fifth Circuit dismissed Owens' appeal for lack of appellate jurisdiction. Defendants now move to dismiss for lack of subject-matter jurisdiction or, in the

alternative, for failure to state a claim upon which relief can be granted. Owens did not file a response.

## Standard of Review

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the court to hear a case." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). The court may properly dismiss a claim for lack of subject matter jurisdiction if it determines that it lacks either the statutory or constitutional authority to adjudicate the claim. *Home Builders Ass'n v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

## Analysis

For the court to have subject-matter jurisdiction over the instant action, there must be either diversity of citizenship between the parties or an issue of federal question. Diversity jurisdiction exists when the controversy is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The parties must be completely diverse, which means that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). In his complaint, Owens identifies all parties' addresses as being located in Mississippi. Owens later asserted, in his response to the magistrate's show cause order, that he and Defendant Donna are citizens of Mississippi, but that Defendant Brook is a citizen of Tennessee. Thus, complete diversity of

citizenship does not exist, and the court does not have diversity jurisdiction over the instant case.[1]

Federal question jurisdiction requires the action to arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim arises under federal law when federal law creates the cause of action, or when a state law claim raises a federal issue. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Owens alleges that Defendants' actions, as referenced above, violated The Food Stamp Act. The Food Stamp Act, however, does not provide for a private right of action under these circumstances.[2] "When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute." *Lowe v. Viewpoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 817 (1986)). Accordingly, the court lacks federal question jurisdiction over Owens' claims.

## Conclusion

Based on the foregoing discussion, the court finds that Defendants' motion to dismiss for lack of subject-matter jurisdiction is well-taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 22nd day of October, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Moreover, the court found nothing in Owens' complaint indicating that his actual damages would meet the requisite jurisdictional amount.
[2] *See Posr v. City of New York*, 2012 WL 4378049, *10 (S.D.N.Y. Sep. 25, 2012) (noting that it had found no case "in which a court ha[d] found that a food stamp recipient has a private right of action under the Food Stamp Act against a retail food store participating in the Food Stamp Program").